## SAMUEL DUNIE v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 26 March, 1913.)

1. Evidence — Depositions — Commissions—Names of Witnesses— Harmless Error.

Where in the same action two sets of depositions are taken of the same witnesses, and in one of the commissions issued therefor the witnesses are not named, and in the other they are named, and the evidence is substantially the same in both depositions, which are introduced at the trial, if any error was committed in permitting the depositions to be introduced under the commission not naming the witnesses, it was rendered harmless by the introduction of the depositions taken under the other commission, naming them.

2. Carriers of Goods—Bills of Lading—Indorsements of Shortage— Burden of Proof.

In an action against the carrier to recover for a shortage of one box in the delivery of a shipment of two boxes of merchandise the plaintiff introduced in evidence the carrier's bill of lading, showing the delivery of the two boxes to the carrier, Whereon the agent at destination had marked "one case short": *Held,* the agent's indorsement of the shortage was within the scope of his agency, and it was for the defendant to show, by the preponderance of the evidence, that the indorsement on the bill of lading was a mistake and that the case of goods marked short was actually delivered, when that defense is relied on.

3. Same—Prima Facie Case—Charge Construed as a Whole—Harmless Error.

In this action to recover of the carrier a case of merchandise, marked "short" on the bill of lading, the defendant contended that this indorsement was intended for another bill of lading and unintentionally made on the one covering the shipment in suit, which it had actually delivered to the plaintiff. The court charged the jury that this entry was an admission, *prima facie,* that one case was missing, which placed the burden on the defendant to show the contrary: *Held,* the words *"prima facie"* were inaptly used, but, taken in connection with the other relevant part of the charge, no reversible error is found.

APPEAL by defendant from *Webb, J.,* at September Term, 1912, of ROBESON.

Civil action, tried upon the following issues:

DUNIE *v.* R. R.

1. Were the goods sued for delivered to the defendant? Answer: Yes.

2. If so, did the defendant deliver the goods sued for to the plaintiff? Answer: No.

3. In what amount, if anything, is the plaintiff entitled to recover from the defendant? Answer: $647.55
                                7.00
                           ─────────
                           $654.55, with interest
                           from 1 May, 1910.

The defendant appealed.

*E. J. Britt, McIntyre, Lawrence & Proctor for plaintiff.*
*McLean, Varser & McLean for defendant.*

BROWN, J. Defendant excepted to reading the depositions of certain witnesses because the names of the particular witnesses were not specified in the commission, although names of other witnesses were given.

Much space is given to discussion of this exception in briefs of counsel for plaintiff and defendant.

It appears that the depositions of the same witnesses were regularly taken the second time and both sets of depositions were introduced by plaintiff on the trial.

As the second set of depositions are practically identical with the first, we think the admission of the first set introduced entirely harmless. It is therefore unnecessary to discuss their regularity.

This was an action to recover the value of a case of clothing shipped to plaintiff at Mount Tabor, N. C., from Baltimore, Md. There were two cases of clothing in the shipment, one of which was safely delivered, but the other was not. Plaintiff proved the purchase of the goods, their value, delivery to defendant for transportation, and nondelivery at destination. Plaintiff also offered the freight bill for the two cases of clothing, marked upon its face by defendant's agent at destination "One case short." Defendant admitted receiving the goods, but alleged that it had made delivery to plaintiff. The agent

explained his marking the freight bill "one case short" by saying he thought it was a bill for a case of whiskey that was short.

His Honor charged the jury: "Defendant, on the other hand, admits that one box or case addressed to Sam Dunie at Mount Tabor was missing and checked short, but defendant contends that it was a box or case of whiskey, and that it was not the goods claimed by the plaintiff. The court charges you, however, that as the agent of the defendant admits that he wrote the word 'short' upon the freight bill which called upon its face for two boxes of clothing weighting 1,249 pounds, that this is an admission, *prima facie,* on the part of the defendant that one of the cases of goods called for in said freight bill was in fact short, or missing, and that the burden is therefore placed upon the defendant to show that the agent made a mistake and wrote the word 'short' on said freight bill unintentionally or thinking it was for another shipment."

We think his Honor rather inaptly used the words *"prima facie,"* but we do not regard it as at all injurious to defendant. The writing by the agent of the words "one case short" on the bill of lading handed to agent by plaintiff was an act within the agent's scope of duty, and is evidence against the defendant tending to prove that the case was never delivered to plaintiff. The charge of his Honor, that it put the burden on defendant to show that the agent made a mistake, was tantamount to telling the jury that the defendant must explain such entry.

The burden of proof of delivery of the goods, the receipt thereof being admitted, is cast by law on the defendant, and upon failure to satisfy the jury by the preponderance of evidence that the case of goods was delivered, the defendant is liable for its value.

We think the issue involved was entirely one of fact, and we find no substantial error in submitting it to the jury.

No error.